IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL D. FOREMAN,

Plaintiff,

v.                                                    No. CIV 11-339 BB/WDS

WORTHINGTON CYLINDERS WISCONSIN, LLC,
and VICTOR EQUIPMENT COMPANY,

Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' motions for summary judgment [Doc's 39, 40].  For the reasons set forth below, these motions will be GRANTED.

## I.   STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Medina v. Income Support Div.*, 413 F.3d 1131, 1133 (10th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)).  When viewing the evidence, the Court must draw reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith*, 475 U.S. 574, 587 (1986).

To avoid summary judgment, the nonmoving party may not rest upon the mere allegations in the pleadings but must show, at a minimum, an inference of the existence of each

essential element of the case. *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016-17 (10th Cir. 2001) (citing *Hulsey v. K-Mart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). The nonmoving party must come forward with "specific facts showing a genuine issue for trial, relying upon the types of evidentiary materials contemplated by Rule 56." *John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 503 (10th Cir.1994). Likewise, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (U.S. 1986).

II.   FACTUAL AND PROCEDURAL BACKGROUND

In April, 2008, Plaintiff Foreman was employed to install a water softener in a maintenance closet that contained a gas-fired water heater. To do so, Foreman used a blowtorch composed of a gas cylinder, made by Defendant Worthington Cylinder, and a torch, made by Defendant Victor Equipment Company. Foreman noticed that the blowtorch's flame was "fanning out and not focused enough" [Doc. 1-2 at 4]. Thus, leaving the flame lit, Foreman banged the blowtorch on the ground several times. Foreman soon heard the hissing sound of gas escaping, and thought "oh sh*t" [Doc. 39-1 at 5]. Almost immediately, he saw a "ball of flames" as a fire ignited inside the closet where he was working [Doc. 1-2 at 4]. Foreman suffered burns on his face, wrists, and legs.

Foreman now sues Defendants, alleging they manufactured a defective blowtorch that caused the fire. He claims negligence, breach of express and implied warranties, and strict products liability. Defendants each move for summary judgment, claiming that there were no defects in their respective products. Each Defendant supports its claim and motion with expert

testimony.  Foreman did not respond to the motions for summary judgment,[1] has certified no experts to testify on his behalf at trial, and has supplied no evidence in support of his claims.

## III.    DISCUSSION

### A.  The Blowtorch Was Fit for Ordinary Use When It Was Sold

As part of his claims of negligence, breach of implied warranty, and strict products liability, Plaintiff claims the Defendants manufactured a blowtorch that was defectively dangerous when sold, thereby causing the fire [Doc. 1-2].  *See Smith v. Bryco Arms*, 33 P.3d 638, 645 (N.M. App. 2001) (manufacturers are negligent if they breach their duty to use ordinary care in producing products so as to avoid a foreseeable risk of injury caused by the product); *Salazar v. D.W.B.H., Inc.*, 192 P.3d 1205, 1209-11 (N.M. 2008) (implied warranty is breached if the product is not fit for the ordinary purposes for which such a product is used); *Tenney v. Seven-Up Co.*, 584 P.2d 205, 206 (N.M. App. 1978) (the elements needed to prove strict products liability are: (1) the product was defective; (2) when it left the hands of the defendant; (3) causing the product to be unreasonably dangerous to the user; (4) who was harmed; (5) because of the product's defect).

Here, the only evidence in record shows there was no defect in the design or manufacturing of the blowtorch at the time of sale, and that the blowtorch was fit for ordinary

---

[1] Under this District's local rules, such failure to respond constitutes consent to grant the motions.  D.N.M. LR-Civ. 7.1(b) (2010).  However, the Tenth Circuit has mandated that the local rule not be applied to dispositive motions that will result in dismissal of a case.  *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002).  Instead, the district court must examine the submissions of the moving party to ensure the party is entitled to summary judgment.  *Id.*   The Tenth Circuit has pointed out, however, that the failure to respond can lead to sanctions, including dismissal of the case, under extreme circumstances.  *See Reed,* 312 F.3d at 1195. Defendants have not asked for such a sanction.  Therefore, the Court will not simply grant the motion as a sanction for Plaintiffs' failure to respond, but will ensure it is supported by the law as applied to the factual submissions of both Defendants.

use (including foreseeable misuse). Defendant Victor Equipment has submitted expert opinion that there was nothing defective with the torch at the time it was sold [Doc. 39-5 at 2]. The expert opines that the only defect was a fracture in the cylinder [*id.*]. Defendant Worthing Cylinder has submitted further expert opinion that the fracture in the cylinder did not exist at the time of sale [Doc. 40-5 at 5]. The expert also opines that the cylinder was properly designed with sound materials [*id.* at 4]. Therefore, according to Defendants' experts, the blowtorch was neither damaged when it was sold, nor unreasonably prone to damage when used. Worthington's expert concludes that the fire was caused by Foreman's own misuse of banging the blowtorch on the ground upside-down [*id.* at 6].

Foreman's testimony supports the experts' conclusions. Foreman testified that if a fracture or dent existed on the cylinder when he first began to use it, he likely would have noticed [Doc. 40-3 at 12]. However, he recalls seeing no fractures or dents [*id.* at 11]. Foreman also testified that he had been using this particular gas cylinder for approximately twenty minutes without incident, but that when he banged the blowtorch on the ground, the fire broke out almost instantly [*id.* at 6-7].

Foreman submits no evidence to counter Defendants' claims. Foreman has not disclosed any experts who could testify at trial that a defect existed in the blowtorch at the time of sale, or that a defect caused the fire. *See* Fed. R. Evid. 702 Advisory Committee's Note (discussing importance of expert testimony for scientific, technical, or specialized knowledge). Foreman's unsupported allegations are insufficient to survive summary judgment, and do not create a reasonable inference of Defendants' liability. *See John Hancock*, 27 F.3d at 503 (to raise an inference of triable issues, a party must show specific facts supported by admissible evidence).

B.  Defendants Adequately Warned of Their Products' Risks

As part of his strict liability claim, Foreman alleges Defendants failed to adequately warn of their products' risks.  However, the gas cylinder contained a warning that it must be used upright, and never dropped or thrown [Doc. 40-5 at 5].  Furthermore, "[t]here is no duty to warn of dangers actually known to the user of a product."  *Jones v. Minnesota Mining & Mfg. Co.*, 669 P.2d 744, 749 (N.M. App. 1983).  Here, Foreman stated that turning the blowtorch upside-down and banging it on the ground was not a smart thing to do [Doc. 40-3 at 11-12].  It is also something he would not advise, and certainly would not do again [*id.*].

C.  Defendants Breached No Express Warranties

Foreman lastly alleges breach of an express warranty.  Express warranties are not supplied by the law, but instead must be created by the parties.  *Salazar v. D.W.B.H., Inc.*, 192 P.3d 1205, 1209 (N.M. 2008).  Here, Foreman submits no evidence of any express warranty created by either Defendant.

**IV.    CONCLUSION**

Defendants have submitted evidence that they properly designed, manufactured, and labeled their products, while Plaintiff Foreman has submitted no evidence to the contrary.  No reasonable inference can be made that Foreman's injuries were caused by the Defendants.  Therefore, summary judgment shall be granted to both Defendants.

Dated this day of July, 2012.

Bruce D Black

BRUCE D. BLACK
United States District Judge